### HARMON et al. v. KERNS et al.

No. 22931.    Oct. 16, 1934.

Dyer & Smith, for plaintiffs in error.

Tom E. Willis and A. O. Manning, for defendants in error.

PER CURIAM. This was a suit in which the plaintiffs sought to establish a parol gift of land alleged to have been made by David P. Kerns, deceased, on or about the month of November, 1923, at which time it was alleged that the plaintiffs went into possession of the property, and that they thereafter had maintained open, notorious. exclusive, and adverse possession thereof. and that they have placed on the premises valuable and lasting improvements. The cause was tried to a jury, whose verdict was for the defendants, and judgment was rendered accordingly.

Complaint is made of the introduction of certain documentary evidence which it is claimed amounts to self-serving declarations on the part of the deceased alleged donor. The fact was developed that the alleged donor was at the time living upon the premises and making his home in the dwelling house, which was also occupied by the plaintiffs; that he paid off the mortgage on the premises, kept up and paid for the insurance, paid all of the taxes, and purchased and paid for practically all of the materials used in improvements and repairs, after the date of the alleged gift

and up until the time of his last sickness and death. Under these circumstances, declarations made by him, even though self-serving, were admissible in evidence. In the case of Butts et ux. v. Butts et al., 84 Kan. 475, 114 P. 1048, it was held:

"In an action where a plaintiff seeks to establish a parol gift of lands from his father in whom the legal title stood at the time of the latter's death, declarations and statements of the father made while in possession and control of the lands are admissible in evidence, not as mere assertions of title, but as explanatory of his possession and the nature and character of his claim of ownership."

In the course of the opinion, it was said:

"John W. Butts and wife brought this suit to quiet title to a farm of 104 acres near Valley Falls, in Jefferson county. The principal defendant is Halleck D. Butts, a brother of the plaintiff John W. Butts. The farm originally belonged to their father, W. C. Butts, who died in April, 1908. John W. Butts and his wife had occupied a house on the farm from the time of their marriage in 1896, until after his father's death, when he set up a claim to own the land by parol gift from his father, accompanied by actual possession and the making of lasting improvements. The court gave judgment for the defendants, and the plaintiffs appeal.

"On the trial the court submitted to a jury in an advisory capacity certain questions of fact which they answered in favor of the plaintiffs and against the defendants. These the court set aside, and made separate findings of fact and conclusions of law. The court's findings are that the plaintiffs occupied the house on the farm without payment of rent from May, 1896, to March 1, 1908; that during that time W. C. Butts kept possession and control of the farm land, rented the same to other tenants, and collected the rents, paid all the taxes, kept the buildings insured in his own name as owner; that other buildings on the farm were occupied by his tenants; that he never surrendered the possession of the premises to the plaintiffs or made a gift of the farm to them; that in October, 1907, he leased the farm to the plaintiffs for the following year, beginning March 1st, for the sum of $225; that in 1896, when the plaintiffs moved to the farm, they made no change in their condition or situation other than to leave the home of W. C. Butts at Valley Falls and go to housekeeping in the house on the farm; that the plaintiff John W. Butts made some slight improvements on the premises, of little value, for his own use and enjoyment; and that the farm belonged to W. C. Butts at the time of his death, at which time an undivided one-half interest therein passed to John W. Butts and the other half to Halleck D. Butts.

"It is claimed that the court erred in permitting defendants to offer in evidence certain declarations and letters of W. C. Butts, which were made long after the date of the alleged gift for the purpose of disproving the gift. It is insisted that these declarations are hearsay. The contention cannot be sustained, as it clearly appears from the evidence that the declarations were made and the letters written when W. C. Butts was in the possession of the property, and his declarations were admissible. See Hubbard v. Cheney, 76 Kan. 222, 226, 91 P. 793, 794, 123 Am. St. Rep. 129, where it is said: 'The declarations of persons in possession of real property which illustrate the character of their possession and explain their claims of ownership are admissible to show the character and extent of their claims.'"

It may also be observed that the contribution of the plaintiffs to improvements upon the premises was comparatively trivial, particularly as regards the rental value.

Complaint is also made of the court's third instruction to the jury, which was as follows:

"You are further instructed that under the laws of this state the essentials of a valid parol gift are:

"1. There must be a donor competent to make the gift.

"2. There must be freedom on the part of the donor to part with the property.

"3. An intention on the part of the donor to part with the property.

"4. The donee must be capable of taking the gift.

"5. The gift must be complete and nothing left undone.

"6. The property must be delivered to the donee by the donor.

"7. The property must be accepted by the donees.

"8. The gift must go into immediate and absolute effect.

"9. The gift must be without consideration.

"10. The gift must be irrevocable.

"And in this connection you are instructed that the burden of proof is upon the plaintiffs to establish by clear, explicit and convincing evidence each, every and all of the above essentials."

But counsel point out no particular vice in this instruction, and we do not believe it to have been prejudicial to the rights of

the plaintiffs. It presents almost verbatim the doctrine laid down in 28 C. J. 626, where it is said:

"The general rule deducible from the many and more or less variant statements found in the decisions, is that to constitute a valid gift inter vivos there must be a donor competent to make it; freedom of will on his part; an intention on his part to make it; a donee capable of taking the gift; the gift must be complete, and nothing left undone; the property must be delivered by the donor, and accepted by the donee; the gift must go into immediate and absolute effect; the gift must be gratuitous; the gift must be irrevocable."

In Weitz v. Moulden, 109 Okla. 119, 234 P. 583, it was held:

"After the death of an alleged donor, in order to establish a gift inter vivos, the evidence must be clear, explicit, and convincing in support of every element necessary to constitute a valid gift."

Not only was there evidence amply sufficient to support the verdict of the jury, but, having examined the record, we heartily approve it. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. D. Cochran, Chas. B. Steele, and C. A. Dickson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cochran and approved by Mr. Steele and Mr. Dickson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted