MUNDAY v. FEDERAL NAT. BANK, Adm'r, et al.

No. 31253.   Jan. 16, 1945.

Rehearing Denied Feb. 6, 1945.

*155 P. 2d 526.*

Clarence Robison, of Shawnee (E. D. Reasor, of Shawnee, of counsel), for plaintiff in error.

John T. Levergood and Reily & Reily, all of Shawnee, for defendants in error.

OSBORN, J. This action was instituted in the district court of Pottawa-

tomie county by Ida Munday, as plaintiff, against the Federal National Bank of Shawnee, Okla., administrator of the estate of Annie Niblack, deceased, as defendant, to recover the sum of $413.40, with interest, alleged to be the separate property of the plaintiff. The trial court denied the claim of the plaintiff and entered judgment accordingly, and it is from such judgment the plaintiff has appealed. The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in substance that the defendant, as administrator of the estate of Annie Niblack, deceased, took charge of and now holds a certain sum of money designated as a joint account of the said deceased and the plaintiff; that said money was deposited long prior to the death of said deceased; that said account was designated as a joint account and was, upon the death of one, to become the property of the survivor, subject only to the payment of the funeral expenses and the administration expenses of the deceased joint owner; that the plaintiff presented a claim to the defendant for the payment of the money, which claim was permitted to remain on file for more than ten days without any action, and that under the statute such failure to act constitutes a disallowance of said claim. The defendant answered, denying that there was a joint account legally deposited to the credit of the plaintiff and or the deceased, but alleges that the deposit was made at a time when the deceased was mentally incompetent and that all of the money so deposited in said joint account was the sole and separate property of the deceased, she having received the money from the Federal Government as a widow of a deceased Union soldier; that if the money was deposited in a joint account, it was so made under the undue influence of the plaintiff with the fraudulent intent and purpose to defraud the deceased and her legal heirs; that the plaintiff filed a claim with the administrator of the estate of said deceased for the sum of $350, claiming said sum as her personal earnings which had been deposited in the joint account,

which claim was allowed and paid in full, and that the order allowing said claim had not been set aside or appealed from and that the same is a binding and a conclusive judgment and that plaintiff cannot now be heard to controvert the same, and that plaintiff has no future interest in said alleged joint account. Certain other heirs of deceased filed a petition in intervention, alleging in substance the same as the defendant. The plaintiff filed a reply denying the allegations of the answer and the petition in intervention.

The record discloses that on the date of the death of Annie Niblack there was on deposit in the American National Bank of Shawnee, Okla., $1359.51 in a savings account. As shown by the bank's ledger, the account was carried in the name of "Mrs. A. L. Niblack or by Mrs. Ida Munday," and there appears in the right hand corner of the ledger sheet the words, "Joint Tenants with Right of Survivorship." Such notation was placed thereon by the banker, but not at the written or oral direction of Mrs. Niblack. It appears that this account was opened on January 8, 1936, with a deposit of $300. There is no evidence to show definitely to whom the money belonged representing the initial deposit. It is further shown that Mrs. Niblack had a postal savings account which she closed out on March 3, 1939, drawing therefrom $905.25, and on the same date a deposit of $900 was made in the joint account. The signature card was signed by Mrs. A. L. Niblack and Mrs. Ida Munday, and at the bottom of said card the words, "Joint Tenants with Right of Survivorship," appeared. The banker likewise made said notation, but same was not made at the oral or written direction of Mrs. Niblack. Following the death of Mrs. Niblack the defendant was appointed administrator of her estate, and on September 29, 1941, the plaintiff filed a claim against the estate for $350, claiming such sum as her individual money deposited in the joint account, which claim was allowed and paid. On October 22, 1941, the plaintiff filed another claim with the administrator for

the sum of $413.40 as the balance of the joint account after the payment of the funeral expenses, which plaintiff claimed as the survivor of the joint depositors, which claim was not acted upon within ten days after it was filed, and plaintiff, treating same as disallowed, thereupon filed this action.

It is only natural to assume that the plaintiff filed her first claim for the full amount of her own money deposited in the account, and it follows as a natural conclusion that the balance of the money in the account was the money of the deceased. It is necessary to examine the transactions connected with the deposit to determine whether or not the deceased transferred to the plaintiff a sufficient interest to vest in the latter a joint interest in the deposit and confer upon the plaintiff the right of survivorship. The trial court found from the evidence that there was no such joint ownership.

A bank deposit may be so arranged and handled that codepositors may be joint owners thereof during their mutual lives and upon the death of one joint owner the survivor will take the whole thereof. Royston v. Besett, 183 Okla. 643, 83 P. 2d 874; 149 A.L.R. 879; 135 A.L.R. 993; 103 A.L.R. 1140; 66 A.L.R. 881; 7 Am. Jur., Banks, par. 431. However, we have held that the mere fact that money is deposited by one so that it may be withdrawn by himself and others is not in itself sufficient to create such a joint interest in the deposit as to comprehend the right of survivorship. Hickman v. Barrett, 175 Okla. 262, 52 P. 2d 40.

In 7 Am. Jur., Banks, par. 425, it is stated that:

" . . . The controlling question is whether the person opening the account intentionally and intelligently created a condition embracing the essential elements of joint ownership and survivorship. No particular formula is required; courts are controlled by the substance of the transaction rather than by the name given it . . . "

And on page 301, par. 426 of the same authority, it is said:

" . . . Apart from the contract theory, which is comparatively rare, this leaves the title of the survivor to rest upon a gift, trust, or bequest. The bequest drops out of consideration, because it is not claimed that the transfer is in the requisite form to constitute a valid bequest, i.e., there is no compliance with the statute of wills. There thus remain two theories, upon one or the other of which the right of the survivor to the fund must be based, i.e., gift or trust. Unless the survivor can show title in one of these ways, his claim must fail."

There was no contention or evidence that a contract or trust existed, and the only theory upon which the plaintiff could base a recovery is that of gift, and as said in Green v. Comer, 193 Okla. 133, 141 P. 2d 258:

"The determination of whether or not the former owner of the money or deposit has made a gift inter vivos so as to vest in a codepositor as donee a joint interest in the deposit with right of survivorship comprehends two indispensable elements. First, an intent on the part of the donor to give such an interest. And, second, an act on the part of the donor sufficient to constitute a symbolic delivery of the interest which being in the nature of a chose in action against the bank is incapable of manual delivery. There are other elements which sometimes claim consideration but which are not involved in this case. Jonte v. English, supra."

Excluding the offered testimony of Ida Munday as to her transactions with the deceased, which offers were correctly refused by the trial court under the provisions of Title 12 O.S. 1941 § 384, we fail to find any evidence that Annie Niblack, during her lifetime, ever expressed or manifested any intention to give Ida Munday the money contained in the deposit. To permit the evidence in this case to be announced sufficient to satisfy the requirements of gifts inter vivos would be to do violence to the principles of law an-

 

nounced in virtually all of the many cases where this question has arisen. All of the withdrawal checks, except one, were signed by plaintiff "Mrs. A. L. Niblack, by Ida Munday," and in the excepted withdrawal check the word "by" was omitted. The plaintiff did not treat the account as a joint account, but rather as an account of the deceased with a right given to the plaintiff by the deceased to draw against the account as above indicated. The words "Joint Account with Right of Survivorship" were not placed upon the pass book, the ledger book, or the signature card at the request of the deceased. In fact, there is no evidence to show that the deceased had any intention other than to authorize the plaintiff to make withdrawals for her, and, outside the deposits of her own individual funds, the plaintiff did not exercise any right of dominion over the account, but rather treated the account as that of the deceased. The essential element of intent to give is not sufficiently established by the evidence, and accordingly the trial court did not commit error in rendering judgment for the defendant.

Affirmed