Martin E. DYER, Administrator with the will annexed of the Estate of Emmet Dewit Cornelius, deceased, Plaintiff in Error,

v.

Carol Sue VANN, a minor by L. K. Vann, her father and next friend, and Peoples Federal Savings and Loan Association of Ardmore, Oklahoma, a corporation, Defendants in Error.

No. 38752.

Supreme Court of Oklahoma.

Feb. 28, 1961.

James L. Dolman, Ardmore, for plaintiff in error.

Marvin Shilling, Ardmore, for defendant in error Carol Sue Vann.

PER CURIAM.

This action was commenced by Carol Sue Vann, a minor (age 12) by her father and next friend against Martin E. Dyer, administrator with will annexed of the Estate of Emmet Dewit Cornelius, deceased, and Peoples Federal Savings and Loan Association of Ardmore, a corporation. Carol Sue Vann will be referred to as "plaintiff", Martin E. Dyer as "administrator", Peoples Federal Savings and Loan Association as "Peoples", and Emmet Dewit Cornelius as "deceased."

The action sought to establish in plaintiff the ownership and right to possession of two certificates of Investment Share Accounts in the amounts of $2,000 and $1,000, and the money represented thereby, issued by Peoples to Emmet D. Cornelius or Carol Sue Vann, a minor. Peoples answered admitting issuance of the certificates and disclaiming any interest in the controversy, except to pay the money represented by the certificates to the person lawfully entitled thereto. The administrator answered with a general denial, an admission of his official status, and specifically denying joint tenancy between deceased and plaintiff, and further alleging that the cer-

tificates were at all times the property of the deceased.

Trial was had to the court and resulted in judgment for the plaintiff. The administrator appeals and urges that the evidence is insufficient to sustain the judgment.

The record reflects that Emmet Dewit Cornelius died testate April 15, 1958, unmarried, without issue and left no father or mother. At the time of his death he was approximately 68 years of age. About five or six years before his death deceased became acquainted with the Vann family by attendance at church services and the acquaintance ripened into friendship. Mr. Vann regularly took deceased to church and deceased frequently visited in their home and had meals with them. Deceased became fond of the family and of plaintiff. There was no blood relationship.

On August 16, 1954, Peoples issued to deceased its certificate of Investment Share Account No. 1490 for $2,000. On August 13, 1957, deceased came to the office of Peoples and, after talking to the assistant secretary, there was issued a like certificate, No. 1969, for $1,000 to "Emmet D. Cornelius or Carol Sue Vann, a minor." Pursuant to advice of the assistant secretary the deceased on September 16, 1957, brought certificate No. 1490 to the office of Peoples and on the back of said certificate executed a transfer thereof to "Emmet D. Cornelius or Carol Sue Vann, minor." The face of the certificate was made to conform thereto. The respective ledger sheets of Peoples likewise reflects the names of these two persons.

The substance of the conversation on August 13 and September 16 between deceased and the assistant secretary was that deceased stated he and the Vann family were good friends and that he wanted plaintiff's name upon the certificates so that she could have them on his death for her college education. Deceased stated that he wished to retain control of the certificates and have the dividends during his lifetime. The assistant secretary advised deceased that his purpose would be accomplished by the method hereinbefore related; "that he would always be the owner of it;" that "it would be a joint tenant account."

On September 16, 1957, deceased rented a bank safety deposit box in his name and placed the certificates therein, where they were found after his death. Deceased told Mr. Vann of the transaction with Peoples and that it was for plaintiff's college education. Deceased received the subsequent dividends to his death and plaintiff received none. No contact was made by plaintiff or in her behalf with Peoples.

Deceased is quoted as saying his relatives did not help or befriend him. Deceased's will appears to be holographic and is dated December 13, 1955, and was witnessed by Mr. and Mrs. L. K. Vann. No mention is made of plaintiff therein. No specific mention is made therein of the earlier certificate unless the descriptive term "Federal Home & Builders Stock Association" applies and, if so, disposed of the same to three nieces. Apparently the nearest relative of deceased is a sister or sisters.

The trial court made no findings of fact or conclusions of law and consequently we do not have the benefit of the particular facts or theory of law upon which the court based its judgment for the plaintiff. The brief of plaintiff urges that a joint tenancy was created between deceased and plaintiff and that the plaintiff takes the certificates as the surviving joint tenant.

■ It is recognized that by proper arrangement and handling a relationship of joint ownership with right of survivorship may be created in such a situation. The arrangement of the names of deceased and plaintiff and the wording of the certificates with no words of joint tenancy or survivorship appearing thereon do not of themselves create such relationship. Green v. Comer, 193 Okl. 133, 141 P.2d 258; Munday v. Federal National Bank, Adm'r, 195 Okl. 120, 155 P.2d 526. However, this does not prevent the estab-

lishment of a joint ownership with right of survivorship if the other necessary facts and circumstances are present.

Extensive annotations on the subject appear in 155 A.L.R. 1084; 149 A.L.R. 879; 135 A.L.R. 993; 103 A.L.R. 1123; 66 A.L.R. 881; and 48 A.L.R. 189. These annotations and our decisions in Green v. Comer, supra; Royston v. Besett, 183 Okl. 643, 83 P.2d 874 and Flesher v. Flesher, Okl., 258 P.2d 899, have used the rules of law applicable to bank deposits in determining related questions involving building and loan association shares and accounts.

In 7 Am.Jur., Banks, Section 425, p. 300, it is stated:

"In creating a joint bank account with right of survivorship, it is a matter of no importance that the particular terms 'joint ownership' and 'joint account' are not used; the controlling question is whether the person opening the account intentionally and intelligently created a condition embracing the essential elements of joint ownership and survivorship. No particular formula is required; courts are controlled by the substance of the transaction rather than by the name given it. * * *"

██ Defendants urge that plaintiff has failed to prove the essential elements of a gift. We cannot agree with this contention.

In 7 Am.Jur., Banks, Sec. 431, pp. 304, 305, it is stated:

"The majority of cases, however, hold that if the intention of the donor is to vest a present right to share in the deposits constituting the joint account, such an act constitutes a gift that can be sustained. This is likewise true, and the transaction constitutes a completed gift, despite a reserved power of revocation. Delivery of the passbook into the hands of the donee is not essential to complete the gift so far as the donee's right of survivorship is concerned. The retention by the donor of the passbook is evidence of an intent not to vest a present interest in the donee, but it is not conclusive; the donee may show by other facts and circumstances an intent to make a present gift of a joint interest in the deposit. * * *"

Furthermore in Royston v. Besett, supra, we said:

"The controlling question is the intention of the parties making the deposit and not its mere form. * * *

"* * * The 'gift theory' discussed by plaintiffs in error is not controlling in the present case, and is incidental only insofar as it relates to the creation of joint deposits or investments of individual, or community personal property of the husband and wife: 'Where one deposits money in the name of herself and another, * * the right of either does not arise by virtue of a gift theory at the time of the deposit, or at the time of the depositor's death, but is a right in a form of chose in action against the bank created by contract with the bank; and a compliance with the law relating to gifts or wills is unnecessary.' (Michie on Banks and Banking, Vol. 5, page 104, and cases cited.)'" [183 Okl. 643, 83 P.2d 877.]

From our examination of the entire record there is no question as to the intent of deceased. Plaintiff was a minor of less than 12 years. Deceased desired to insure that plaintiff have money for her college education. To accomplish this purpose he sought advice from a source which he thought reliable. He followed this advice. It was his intention to create a joint ownership with right of survivorship. Retention and preservation of the certificates by deceased is understandable in view of the minority of plaintiff. The essential ingredient of intent to confer on plaintiff the right of survivorship in and to the certificates involved herein was present and by its judgment the trial court so found.

This is a matter of equitable cognizance and this court has reviewed the record and weighed the evidence and finds

that the judgment is not clearly against the weight of the evidence and in such case will not reverse the judgment. Buck v. Caldwell, Okl., 340 P.2d 485.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.