Charley GUILINGER, Plaintiff in Error,

v.

Reuben GUILINGER, Administrator of the Estate of Martha Guilinger, Deceased, Defendant in Error.

No. 41339.

Supreme Court of Oklahoma.

Oct. 3, 1967.

Drennan & Drennan, by J. C. Drennan, Medford, for plaintiff in error.

Ellis W. Eddy, Medford, James E. Grigsby, Oklahoma City, for defendant in error.

PER CURIAM:

The parties will be referred to as they appeared in the trial court. Martha Guilinger died November 11, 1961, leaving a bank deposit jointly in the name of herself and a son, Charley Guilinger. After her death the defendant, Charley Guilinger, expended certain funds for funeral expenses, ad valorem tax and safety deposit box rental and withdrew the balance of the bank deposit.

Thereafter, this suit was instituted by plaintiff as administrator of the estate of Martha Guilinger to recover the balance of bank deposit, contending that the bank deposit was not of such nature as to vest a right of survivorship in the defendant. From the evidence it would appear that the essential facts are as follows: At the time of her death, Martha Guilinger left surviving her four children, one of whom was the defendant herein. In 1952 Martha Guilinger changed her bank account to an account jointly in the name of herself and the defendant. On the face of the bank signature card the account was shown as "joint." In the signature space provided there were placed both the names of Martha Guilinger and Charley Guilinger, above which the card stated that the bank was authorized to recognize any other signatures subscribed thereon in payment of funds or transaction of any business for the account. On the reverse side of the card, among other provisions, was a printed contract setting up a joint account with right of survivorship. Below this provision the card contained a place for signatures of the parties desiring to establish a survivorship account. The bank signature card in question in this case was not signed by the parties thereto. From the evidence offered in court it was shown that Martha Guilinger was an elderly lady and had on previous occasions been sick while visiting relatives in the State of Kentucky. Before her death she stated to witnesses that she had fixed the account so that defendant could check on it if she should die in Kentucky and bring her back for burial as she knew that none of her children had enough money of their own to bring her back to Oklahoma for burial. She told other witnesses that she had quite a bit of money in the bank to take care of her expenses and that after such there would be about $1,000.00 for each child. The testimony also established that at the time of the appointment of plaintiff as administrator of the decedent's estate, the defendant testified that the money "belonged to mother."

██ This court has previously held that a bank deposit may be so arranged and handled that co-depositors may be joint owners thereof during their mutual lives and upon the death of one joint owner the survivor will take the whole thereof. However, we have held that the mere fact that money is deposited by one so that it may be withdrawn by himself and others is not in itself sufficient to create such joint interest in the deposit as to comprehend the right of survivorship. Munday v. Federal National Bank, 195 Okl. 120, 155 P.2d 526; Hickman v. Barrett, 175 Okl. 262, 52 P.2d 40.

The controlling question is whether the person creating the account intentionally and intelligently created a condition embracing essential elements of joint ownership and survivorship. Dyer v. Vann, Okl., 359 P.2d 1061. 7 Am.Jur., Banks, Par. 425.

██ The evidence in this case clearly establishes that the intent of Martha Guilinger upon establishing the joint bank account was not to create a survivorship interest in the defendant but was to allow defendant to draw on the joint bank account in the event decedent became ill or died while away from home and it became necessary for the defendant to bring her body back to her home for burial; after which the intention of the decedent was that the remaining funds were to be divided among her children. Following the holdings of the authorities quoted herein, infra, Martha Guilinger, when creating the account in question, did not intentionally and intelligently create a condition embracing the essential elements of joint ownership and survivorship and the mere fact that the joint account was established so that it could be withdrawn by the decedent and the defendant was not in itself sufficient to create a joint interest as to comprehend the right of survivorship.

Defendant contends that the contract shown on the bank signature card was clear and explicit and that a survivorship agreement was in fact contracted by the parties. That portion of the contract, however, which created the survivorship element was not signed by the parties. In fact, by the signatures on the card, the only authority given to the bank was to recognize the signatures in payment of the funds or the transaction of any business for the account. In our opinion this merely authorized the withdrawing of funds by either signature but was not sufficient to create a survivorship.

The judgment of the lower court is affirmed.

This Court acknowledges the services of MARTIN E. DYER, who with the aid and counsel of J. I. GOINS and T. FRED COLLINS, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

All the Justices concur.