Jim WAITMAN et al., Appellants,

v.

Albert WAITMAN, Appellee.

No. 44396.

Supreme Court of Oklahoma.

Dec. 5, 1972.

Preslie H. Brown, Newell E. Wright, Jr., McAlester, for appellants.

Ed. Dudley, Durant, for appellee.

LAVENDER, Justice:

This appeal arises in connection with final distribution of the estate of Daisy Waitman who died, testate, in and while a resident of Bryan County, Oklahoma, on September 12, 1969. It involves a savings account with The Durant Bank & Trust Company, Durant, Oklahoma, in the name of "Waitman, Daisy P.O.D. Albert Waitman."

She was survived by two sisters, Sophia Lockler and Lula Waitman Denning, and three brothers, Lonnie Waitman (since deceased), Jim Waitman, and Albert Waitman. Her will, which is dated May 11, 1969, and was admitted to probate, designates "the Bank & Trust Co. of Durant Oklahoma" as executor. Based thereon, letters testamentary were issued to The Durant Bank & Trust Company, Durant, Oklahoma, as executor.

Insofar as pertinent herein, Daisy Waitman's will (which is handwritten but, apparently, not in her hand) provides:

> "After all just debts & claims against me are settled, I request my savings account & insurance policies & checking accounts be divided equally among surviving brothers & sisters All personal property to also be divided equally."

Immediately below the signature of the testatrix, but preceding the signatures of three witnesses, appears the following statement: "Savings & checking accounts are at The State National Bank, Denison, Texas Bank & Trust Co. at Durant Oklahoma."

According to the executor's final account, there were, in addition to the savings account "P.O.D. Albert Waitman" in that bank, a checking account in that bank, a checking account in the First National Bank, Colbert, Oklahoma, and a savings account in the State National Bank, Denison, Texas, which were in the decedent's name only.

The final account and petition for distribution alleges that the savings account in the executor-bank was "payable on death" to Albert Waitman, asks the court to give instructions as to the disposition thereof, and alleges that all other personal property then remaining (in the form of cash) should be distributed, in equal shares, to the then-surviving brothers and sisters and the administratrix of the estate of the

then-deceased brother, after payment of executor's fee, attorney's fee, recording fees and court costs necessary to close the estate.

After a hearing on the final account and petition for distribution, and objections by the sisters and other brothers of the decedent to distribution of the "P.O.D." savings account to Albert Waitman instead of to him and them, in equal shares, under the above-quoted provision of the will, the trial court found that the account should be "distributed" to Albert Waitman and ordered, adjudged and decreed, among other things, that "the savings account in The Durant Bank & Trust Company in the amount of $17,025.21—P.O.D. Albert Waitman, is hereby transferred, vested, assigned and conveyed to Albert Waitman."

The brothers and sisters of Albert Waitman appealed to this court. The appeal was assigned to the Court of Appeals, Division No. 1, for opinion. That court found that the judgment of the trial court is not against the clear weight of the evidence, and affirmed the judgment. When their petition for rehearing by that court was denied, the brothers and sisters of Albert Waitman, petitioned this court for certiorari to review the decision of the Court of Appeals. We grant certiorari for that purpose. That, of course, requires a review of all of the evidence on the matter involved.

The bank's signature card for the account in question shows the title of the account as "WAITMAN, DAISY P.O.D. ALBERT WAITMAN," one "authorized signature"—that of Daisy Waitman, and that the account was opened on 10–27–53 with an initial deposit of $5,000.00. In addition to credits during the latter part of June and December of each year, for interest earned, the bank's ledger sheets for the account show deposits of $5,000.00 on October 27, 1953, $6,500.00 on March 23, 1954, and $500.00 on February 6, 1959, and withdrawals of $1,500.00 on March 16, 1965, and $1,000.00 on August 13, 1969, and

a balance on that date, of $17,025.21. This is followed by credits of $340.50 on December 29, 1969, and $347.30 on June 29, 1970, making a balance of $17,713.01 on the latter date.

Elmer Rogers, Executive Vice-president, Cashier, and Trust Officer, of The Durant Bank & Trust Company for about seven years preceding the hearing, identified the above-mentioned signature card and ledger sheets. He testified that he was not employed by the bank when the account was opened and had never talked with Daisy Waitman about the account; that Mrs. Denning brought the deposit book concerning the account to him after the death of Daisy Waitman; that the bank's instructions, according to the signature card, were to pay the account to Daisy Waitman as long as she lived, and to pay it on her death—"P.O.D."—to Albert Waitman; and that, when the last withdrawal was made from the account on August 13, 1969, Daisy Waitman could have withdrawn the entire blanace or could have changed the account to be payable to her only.

Lula Waitman Denning, one of the surviving sisters of Daisy Waitman, and one of the appellants herein, testified that her brother Albert never did make any statement to her about this savings account until after their brother Lonnie died; that, while in the hospital, Daisy gave the deposit book concerning this savings account to her and told her to take care of it, and she had possession of it until she gave it to Mr. Rogers at the bank after Daisy's death; and that Albert never did have possession of the deposit book.

Albert Waitman, the appellee herein, testified that he and Lula Denning went to the bank with their sister Daisy when she made the withdrawal on August 13, 1969, and Daisy did not say anything at that time about changing the account in any way; that she had told him from the time she opened the account that she intended for him to have it on her death, and, even after making her will in May of 1969, had

told him that the savings account in the Durant Bank and Trust Company went to him; that she never did deliver the deposit book for the account to him; and that he felt he had a right to draw on the account after Daisy's death, but hadn't tried to—the account wasn't his until she passed away.

This is not a will contest. No one questions the validity of the decedent's will of May 11, 1969, or its effectiveness to transfer, upon her death, to her two sisters and three brothers who survived her, in equal shares, all personal property belonging to her at the time of her death and not otherwise specifically disposed of in the will.

The basic question presented was, and is, whether Daisy Waitman had, legally and effectively, disposed of the savings account in question prior to her death, so that it was not a part of her estate at the time of her death.

By its general finding for the appellee herein, the trial court, in effect at least, answered that question in the affirmative. The Court of Appeals affirmed the trial court, holding specifically that Daisy Waitman had intended to, and did, establish a joint account for her and the appellee, with right of survivorship.

There is no evidence (or contention) that Albert Waitman provided, or had any prior interest in, any of the money that was deposited in this savings account, or that any of such money was held in trust by Daisy Waitman for his use and benefit under an express or implied trust, or that he had any contract of any kind with Daisy Waitman concerning such money or such account.

██ The relation between a bank and its depositor is contractual. Brown v. Eastman National Bank of Newkirk (1955), Okl., 291 P.2d 828, 829. Consequently, since the entire interest in the balance remaining on deposit at the time of Daisy Waitman's death would not vest in him under her will, his claim to such entire interest in the balance must be based upon

Daisy Waitman's contract with the depositary bank. And, since that contract was not executed in the manner provided by statute for the testamentary disposition of property (84 O.S.1951 § 55), his claim to the entire interest in the deposit balance can be sustained, if sustainable, only as the result of a gift inter vivos. See: Munday v. Federal National Bank et al. (1945), 195 Okl. 120, 155 P.2d 526, 528.

In Harmon et al. v. Kerns et al. (1934), 169 Okl. 290, 36 P.2d 898—quoted with approval in Jonte v. English (1935), 171 Okl. 291, 40 P.2d 646, 648—this court held, in the second paragraph of the syllabus, that:

"To constitute a valid gift inter vivos there must be a donor competent to make it; freedom of will on his part; an intention on his part to make it; a donee capable of taking the gift; the gift must be complete, and nothing left undone; the property must be delivered by the donor, and accepted by the donee; the gift must go into immediate and absolute effect; the gift must be gratuitous; and the gift must be irrevocable."

And, in the third paragraph of the syllabus to the Harmon case, this court held that:

"After the death of an alleged donor, in order to establish a gift inter vivos, the evidence must be clear, explicit, and convincing in support of every element necessary to constitute a valid gift."

Under Daisy Waitman's deposit contract with the bank, the depoist was not payable to her *and* Albert Waitman—the situation in City National Bank & Trust Company, Administrator v. Conrad et al. (1966), Okl., 416 P.2d 942, cited by the appellee—and was not payable to her *or* Albert Waitman—the situation in Dyer, Administrator v. Vann et al. (1961), Okl., 359 P.2d 1061, also cited by the appellee. Those cases are not in point on the facts.

██ Under Daisy Waitman's contract with the bank, the deposit was not payable any balance remaining to the credit of this account at the time of her death would,

upon, and by reason of her death, become the property of Albert Waitman, but she was to retain (and, in fact, did retain) *sole* and complete ownership and control of the account during her lifetime. The contract and the evidence concerning the account indicate, with reasonable clarity, that she did not intend that this be a "joint account" (either with or without survivorship), and did not intend that, at any time during her life, Albert Waitman would have any present interest in the account.

The evidence discloses that there was no valid gift inter vivos to Albert Waitman of any present interest (joint or otherwise) in this account.

■ The evidence also discloses that Daisy Waitman's attempted transfer, to Albert Waitman, of the entire interest in any balance remaining on deposit at the time of her death was intended to become effective upon, and only upon, her death. It was in the nature of a testamentary disposition and, not having been made in the manner prescribed by statute for the execution of wills, was invalid and ineffective. See: Jonte v. English, supra.

■ It may be (as argued by the appellee) that, at the time she executed her will on May 11, 1969, Daisy Waitman thought that she had theretofore disposed of any deposit balance which might remain at the time of her death and purposely used the term "savings account," in the singular rather than in the plural form, in the above-quoted provision of her will. That would not change the law.

The deposit balance actually remaining at the time of her death had not, effectively, been transferred to Albert Waitman, and, as personal property not otherwise disposed of by the will, passed to Daisy Waitman's surviving sisters and brothers, in equal shares. The trial court, and the Court of Appeals, erred in holding otherwise.

The decision of the Court of Appeals, and the judgment of the trial court, concerning the savings account involved in this appeal, are reversed. The cause is remanded to the trial court with directions to enter judgment in accordance with the views expressed herein.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, BARNES, and SIMMS, JJ., concur.