**In the Matter of the ESTATE OF Donna G. COOPER, Deceased.**

**Terry COOPER, Appellant,**

v.

**Melvin H. STELZER and Leona Stelzer, Appellees.**

**No. 78422.**

Court of Appeals of Oklahoma, Division No. 2.

July 28, 1992.

David K. Petty, Guymon, for appellant.

James R. Fletcher, Guymon, for appellees.

## MEMORANDUM OPINION

GARRETT, Judge:

In 1973, Donna G. Cooper, nee Stelzer, opened an account at Gruver State Bank. At the time she opened the account, she was a single person. The signature card stated it was a joint tenancy account. Donna's parents, Melvin H. Stelzer and Leona Stelzer (Stelzers), were authorized signers on the account. The account was opened under Donna's social security number. Neither Stelzer ever wrote a check on the account nor deposited any funds in it.

The record discloses that the money in the account belonged to Donna; and, she could do whatever she pleased with it. In 1981, she transferred the account to Windy Acres, Inc., which was a corporation she formed to conduct her business. Donna was President and sole shareholder of Windy Acres, Inc. Her social security number was removed from the account and the tax identification number of Windy Acres, Inc., was put on the account to identify the new owner. There was no new signature card.

In 1982, Donna married Terry Cooper (Cooper). Cooper did not own any of the stock in Windy Acres, Inc. On the record, the corporation owned the account. Stelzers made no claim to the stock of Windy Acres, Inc.

On July 1, 1983, the account balance was $1,150.35. From that date to the date of death, the account balance got as low as $300.00. The sum of $20,988.17 was deposited into the account between July 1, 1983, and the date of death. At death the balance was $6,605.41. Under the first in, first out rule, all funds in the account at the time of death were deposited after the account was transferred to Windy Acres, Inc., and after Donna married Cooper.

In 1989, Donna died intestate and without issue. During the probate of her estate, Stelzers claimed an interest in several items of the estate, as did Cooper. The parties made a written Settlement Agreement (Settlement). While the Settlement

did not specifically mention the account, it did contain the following clauses:

\* \* \* \* \* \*

RECITALS

\* \* \* \* \* \*

4. The parties desire to compromise and resolve any and all claims asserted or that could later be asserted by Stelzers against the Estate and all disputes related to litigation pending in the Estate between these parties, and have reached agreement as to the terms under which all disputes are resolved.

\* \* \* \* \* \*

11. That Stelzers release and disclaim any right, title or interest of any kind in and to the estate of Donna G. Cooper which they may possess by reason of the death of Donna G. Cooper, whether the said rights be vested or contingent known or unknown.

\* \* \* \* \* \*

The Personal Representative of the estate closed the account and moved the money to the estate bank account in a Guymon bank. Later the Stelzers and Cooper claimed the proceeds of the account. The personal representative filed an application for instructions regarding disposition of the account. The trial court heard the matter and found that the account was held in joint tenancy and Stelzers were surviving joint tenants. Cooper appeals.

■ Unity of time, title, interest and possession must exist in the tenants for a joint tenancy to be made. *Clovis v. Clovis,* 460 P.2d 878 (Okl.1969). Joint tenancy is created by the intent of the party making the deposit. *Dyer v. Vann,* 359 P.2d 1061 (Okl.1961). An account originally created as a joint tenancy may be terminated by any act that is inconsistent with its continued existence. *Shackelton v. Sherrard,* 385 P.2d 898 (Okl.1963).

■ Under 60 O.S.1991 § 74, two or more "persons" may own real or personal property in joint tenancy. Survivorship is an essential element. When a joint tenant dies, the surviving joint tenant or tenants become the sole owner(s) by virtue of having survived the death of the deceased "person". A "corporation" does not die in the sense that a "person" dies. Section 74 does not contemplate a corporation being a joint tenant; and, we hold that ownership of real or personal property by a corporation as a joint tenant is not authorized by Oklahoma law.

■ When Donna changed the account from a personal account to a corporate account in 1981, prior to her marriage, she terminated the joint tenancy. Making the corporation the owner was an act inconsistent with the continued existence of the joint tenancy. Therefore, the joint tenancy was not in existence at the time of Donna's death. Whoever owns and controls the corporation and its common stock will control the proceeds in its bank account.

■ Further, assuming that Stelzers had a claim to the account, it terminated at the time they agreed to and signed the Settlement. Where a compromise and settlement agreement has been reached among heirs of an estate, it will be enforced if the parties had the legal ability to contract. *Drummond v. Johnson,* 643 P.2d 634 (Okl. 1982). There has been no contention that Stelzers lacked the ability to contract. They will be held to their bargain.

Appellant's request for trial court attorney fees and appeal-related attorney fees is granted. The trial court shall determine the amount of those fees on remand.

REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.

ADAMS, P.J., concurs in result.

JONES, J., concurs.