In the **MATTER OF the ESTATE OF Benjamin Franklin HOYLE, Sr.,** Deceased.

**Loretta M. NEWBY, Appellant,**

v.

**Ruth E. HOYLE, Appellee.**

No. 80109.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 23, 1993.

Jim McClendon, Broken Bow, for appellant.

John Shipp, Idabel, for appellee.

### MEMORANDUM OPINION

JONES, Judge:

Appellant claims the trial court erred by excluding from the probate estate of the deceased, items of personal property and debts owed to the deceased, which the trial court ruled had been forgiven by the deceased before he died. Our review of the record causes us to agree with Appellant.

Benjamin Franklin Hoyle, Sr. died intestate on July 19, 1991. He left a wife, Ruth, and four grown children; Loretta, Benjamin, Jr., Don and Deanna. Ruth E. Hoyle, the deceased's wife, was appointed Personal Representative. When the General Inventory and Appraisement was filed, the daughter, Loretta M. Newby, filed an objection claiming that items of personal property and debts owed to the deceased had been omitted from the general inventory. This matter was heard by the trial court on August 3, 1992.

During his lifetime, the deceased had loaned substantial sums of money to his children. In 1982 he loaned $45,000.00 to his son, Don, and over $42,000.00 to his son Benjamin, Jr. In 1989 he loaned $23,000.00 to his daughter, Deanna. The loans to Don and Benjamin, Jr. were evidenced by promissory notes to "B.F. Hoyle, Sr. and Ruth E. Hoyle".

Don was making payments on his loan of $313.00 per month. He did not know the unpaid balance. Benjamin, Jr. was making a monthly payment of $350.00 per month. Benjamin testified he still owed $31,455.00. Deanna's loan was not evidenced by a promissory note or any other documentation. She says the deceased voluntarily wrote her a check for $23,000.00 so she could buy a house and that she was paying him back voluntarily. Deanna was making payments to her father in the amount of $304.00 per month. She still owed $18,170.00.

None of the children were told by their father that their debts were forgiven. Benjamin Jr. testified his *mother* told him "the debt was forgiven ... right around when my dad was sick, just after the time he died." Don testified his father never told him his debt was forgiven, but his *mother* gave him his note back before Mr. Hoyle died. Appellant testified that in late July, after her father's death, Benjamin, Jr. came to her house and acknowledged his, Don's and Deanna's debts to their father.

Although the deceased's wife did not testify at the hearing, purportedly because of her advanced age and physical impairments, a letter from her to her attorney, dated February 24, 1992, was admitted into evidence by stipulation. In pertinent part the letter stated:

> "On several occasions during the last few months of his life, my husband, Benjamin F. Hoyle, Sr., and I discussed debts owed by our children—Benjamin F. Hoyle, Jr., Deanna J. Fair, and Don D. Hoyle. We agreed to forgive all the debts they owed to us...."

The trial court determined the debts were forgiven during deceased's lifetime and thus should not be included in the probate estate.

Appellant points out the forgiveness of these debts would constitute inter-vivos gifts and contends the requirements for such gifts have not been met. These requirements were set out in *Davis v. National Bank of Tulsa*, 353 P.2d 482 (Okl.1960) in the Court's fourth syllabus:

> "The general rule is that to constitute a valid gift inter vivos, there must be a donor competent to make it; freedom of will on his part; an intention on his part to make it; a donee capable of taking the gift; the property must be delivered by donor, and accepted by the donee; the gift must go into immediate and absolute effect; the gift must be gratuitous; and the gift must be irrevocable."

■ Furthermore, to establish a gift inter-vivos after the death of the alleged donor, "... the evidence must be clear, explicit and convincing in support of every element necessary to constitute a valid gift." Id. Syllabus by the Court No. 2; *Matter of Estate of Stinchcomb*, 674 P.2d 26 (Okl.1983). Additionally, the burden of proving the elements establishing the fact of a gift is upon the donee. *Matter of Rolater's Estate*, 542 P.2d 219 (Okl.App.1975).

■ Appellant argues the gifts were not complete and did not go into immediate and absolute effect. The only evidence of *deceased's* intention to make the gifts is the letter mentioned above by deceased's wife, Ruth, to her attorney more than six months after her husband's death, saying that she and the deceased had agreed to forgive the debts. That is surely some evidence of his intent, but it is intent in futuro. The letter does not demonstrate delivery, acceptance or immediate effectiveness, but an intent in futuro, a nudum pactum. Likewise, the requirement of delivery by donor was not met. The deceased did not notify his children of the gifts, nor did he return the promissory notes. Although deceased's wife returned the notes, there is no evidence that she was deceased's authorized agent for this purpose. *Davis* also teaches us that a gift cannot be established by proof of a declaration of the donor that he had given the property to the claimant, where there is no actual delivery. In addition, the fact of delivery must be shown by evidence *other than that declaration*. Here, there is a complete absence of proof of a gift *made by the decedent*, as opposed to decedent's wife. The mother told one child the debt was forgiven and returned the note to one other child.

■ Because the promissory notes were payable to "B.F. Hoyle, Sr. and Ruth E. Hoyle" making them tenants in common, Appellant believes only half of the debts evidenced by the notes should be included in the probate estate. We agree. Similarly, the loan to Deanna, which was not evidenced by a note should be included in the estate, except for the one-half forgiven by the mother.

■ Regarding the other items of personal property, this Court is satisfied from the record that the 1975 Ford tractor, bushhog, pasture tiller, grader blade, Farmall tractor and miscellaneous junk were included in the general inventory, were appraised and are a

part of the probate estate. There was evidence that the dogs and guns, property that was not included in the general inventory, were the separate property of Ruth Hoyle. The trial court's order so finding was thus not clearly against the weight of the evidence and will not be disturbed on appeal. *Matter of Estate of Crowl,* 737 P.2d 911 (Okl.1987).

The final item of personal property which Appellant believes was erroneously omitted from the probate estate was the donkey. The evidence was that the 18 year old donkey had belonged to deceased and that Mrs. Hoyle sold it for $100.00 after Mr. Hoyle's death. There was no evidence that the donkey was not the property of the deceased. Accordingly, its value should be included in the probate estate.

The last issue on appeal is Appellant's request for attorney fees. This does not appear to have been raised in the trial court nor does the trial court's order make any finding or conclusion with regard to attorney fees. It was also not raised in the Petition in Error. An issue raised for the first time on appeal will not be considered. *Mothershed v. Mothershed,* 701 P.2d 405 (Okl.1985).

The order of the trial court is reversed and remanded with regard to the donkey and the three loans by the deceased. In all other respects the order of the trial court is affirmed.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

ADAMS, J., concurs.

HANSEN, C.J., dissents.