OSCN Found Document:IN THE MATTER OF THE ESTATE OF KENWORTHY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE ESTATE OF KENWORTHY
2015 OK CIV APP 64
Case Number: 113817
Decided: 07/09/2015
Mandate Issued: 08/03/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 64, __ P.3d __

 

IN THE MATTER OF THE ESTATE OF RALPH DEAN KENWORTHY AND FLORITA KENWORTHY, BOTH DECEASED:

KRISTINE KENWORTHY RIDDER, PERSONAL REPRESENTATIVE OF THE ESTATES OF RALPH DEAN KENWORTHY AND FLORITA KENWORTHY, Plaintiff/Appellee,
v.
LYNNE ROBERTS, AN INDIVIDUAL, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
HASKELL COUNTY, OKLAHOMA

HONORABLE BRIAN HENDERSON, TRIAL JUDGE

AFFIRMED

James W. Smith, Stigler, Oklahoma, for Plaintiff/Appellee,
Jody R. Nathan, STAUFFER & NATHAN, Tulsa, Oklahoma, for Defendant/Appellant.

BRIAN JACK GOREE, PRESIDING JUDGE:

¶1 Kristine Kenworthy Ridder (Kristine), personal representative and beneficiary of the Kenworthy estate, brought action against her aunt, Lynne Roberts (Lynne), to quiet title to the contents of a safe deposit box on behalf of the probate estate. This safe deposit box was initially accessible by Ralph Kenworthy (Ralph) and Florita Kenworthy (Florita), but in 2006, Florita allowed Lynne to be added as a joint lessee on the account. Both parties moved for summary judgment. The trial court granted summary judgment in favor of Kristine, and denied Lynne's motion. Consequently, the court ordered that the contents of the safe deposit box, including $288,000 in United States Savings Bonds, be returned to the estate of Ralph and Florita Kenworthy. It is from that order that Lynne appeals. We affirm the judgment in favor of Kristine.

FACTS

¶2 Ralph and Florita Kenworthy were the lessees of a safe deposit box containing several assets including United States Savings Bonds made out to Ralph and Florita Kenworthy. Ralph passed away, and in May 2006, Florita added her sister Lynne Roberts as a joint lessee to the safe deposit box. Upon Florita's death, Lynne, as a lessee of the box, retrieved the bonds. Kristine Kenworthy Ridder, daughter, beneficiary, and representative of Ralph and Florita's estate, brought this action to quiet title to the bonds and return them to the estate.[1]

¶3 Lynne objected, claiming that Florita had made an inter vivos gift to her of the contents of the safe deposit box, and subsequently the Savings Bonds should belong to her rather than Florita's and Ralph's estates.

¶4 Kristine replied by petitioning the court for an order directing Lynne to return the bonds. Kristine also alleged Lynne was liable for double the value of the property pursuant to 58 O.S. 2011 §292. Lynne admitted she was in possession of the bonds but denied that they were property of the estate. Lynne also asserted as affirmative defenses that the petition failed to state a cause of action, that the funds were not property of the estate, and that the bonds were an inter vivos gift from Florita. Further, Lynne filed a counter-claim alleging Kristine had wrongfully taken possession of other contents of the safe deposit box, which Lynne believed were gifted to her.

¶5 Kristine answered Lynne's counter-claim by denying there was any inter vivos gift made to Lynne and denying that Lynne was entitled to possession of the contents of the box. Both parties moved for summary judgment, and the trial court decided the legal issues in favor of Kristine. Lynne appealed.

STANDARD OF REVIEW

¶6 In cases stemming procedurally from summary judgment orders, we will examine the matter de novo. Scott v. Archon Grp., L.P., 2008 OK 45, ¶8, 191 P.3d 1207, 1210, as corrected (May 14, 2008). Summary judgment is only appropriate where there are no questions of substantial or material fact in dispute, allowing the court to issue a decision as a matter of pure law. Beatty v. Dixon, 1965 OK 169, ¶7, 408 P.2d 339, 342. This strict standard of review limits this court from considering extraneous information; the review shall be confined to only evidentiary materials submitted to the trial court, which must be viewed in the light most favorable to the non-movant. Hargrave v. Canadian Valley Electric Cooperative, Inc., 1990 OK 43, ¶14, 792 P.2d 50, 55. There are no disputed material facts in the present case which would require trial.

I.

Inter Vivos Gift

¶7 The requisite elements of an inter vivos gift have been firmly established in case law:

To constitute a valid gift inter vivos there must be a donor competent to make it; freedom of will on his part; an intention on his part to make it; a donee capable of taking the gift; the gift must be complete, and nothing left undone; the property must be delivered by the donor, and accepted by the donee; the gift must go into immediate and absolute effect; the gift must be gratuitous; the gift must be irrevocable.

Harmon v. Kerns, 1934 OK 535, ¶6, 36 P.2d 898, 899-900.

¶8 Lynne contends that the trial court erred when it required an inter vivos transfer on joint tenancy property. We do not find this position persuasive. Lynne initially asserted that during a telephone conversation, Florita informed her that she would have "full and unlimited access to the contents of the safe deposit box." Lynne apparently believed that Florita was gifting to her the contents of the box. While the record presented to us on review does not give explanation as to whether all the above mentioned elements of an inter vivos gift were met, it is sufficient to say that there was no gift, based on the lack of delivery and the failure of the gift to take immediate and absolute effect. Id. The savings bonds remained where they had always been in the deposit box. They remained in Florita's name and were never reissued to Lynne. In that sense, Florita never fully relinquished control of the property. The only change in dynamic was Lynne's newfound ability to access the contents. This is at odds with In re Estate of Estes, which states in pertinent part that a gift must "go into immediate and absolute effect with the donor relinquishing all control." In re Estate of Estes, 1999 OK 59, ¶29, 983 P.2d 438, 445.

¶9 While nothing else in the record is present to reflect Florita's intent or motivation in allowing Lynne to be a joint lessee, it is apparent that there was no actual delivery or abnegation of the alleged gift. It is not enough that Lynne claims Florita made a declaration of her intent to gift the bonds without actual delivery of the gift. Matter of Estate of Hoyle, 1993 OK CIV APP 183, 866 P.2d 451, 453.

¶10 Lynne cites Cluck v. Ford, 2007 OK CIV APP 3, 152 P.3d 279, and argues the element of delivery was satisfied when Florita arranged for her to sign the safe deposit box contract. However, Lynne's affidavit is directed toward a claim of access to the box and not delivery of its contents: "Florita advised me that it was her intention to provide me with full and unlimited access to the contents of the safe deposit box." (emphasis added). Furthermore, it appears from her brief that Lynne abandoned her inter vivos gift argument in favor of a claim of ownership based upon joint tenancy with right of survivorship.

II.

Joint Tenancy

¶11 In 1947, the legislature enumerated what was necessary to form a joint tenancy. A joint tenancy is one wherein two or more individuals have equal and concurrent claim to an interest. 60 O.S. 2011 § 74. To be recognized as a joint interest, parties must expressly agree to the shared interest in writing. Id. Where a joint tenancy is valid, the death of one tenant vests the surviving tenant with ownership of the property in its entirety, thereby excluding it from the decedent's estate. In re Estate of Metz, 2011 OK 26, ¶ 8, 256 P.3d 45, 49. However, joint lease of a safe deposit box does not result in joint tenancy of the box's contents without an express agreement. Matter of Estate of Stinchcomb, 1983 OK 120, ¶5, 674 P.2d 26, 29.

¶12 To establish the covenant of joint tenancy, a writing must be signed and express "clear and unequivocal intent...to make [a] donee a joint owner and [contain] a survivorship clause." Flesher v. Flesher, 1953 OK 392, ¶24, 258 P.2d 899, 904. In the present case, we do not agree that there was an express contractual agreement establishing the "clear and unequivocal intent" of the parties to form a joint tenancy. Id.

¶13 The purpose of the bank agreement was to add Lynne as a joint lessee on the account with the right to access the contents of the safe deposit box. Paragraph 16 of the safe deposit contract states in pertinent part that the lessees,

shall have access to the box without...authority from the other...[and]...have the power to deputize...any third party to have access to the box... They lease said box and shall hold and use the same as joint tenants and not as tenants in common, and that in the event of the death of either of any said joint tenants, the survivor...shall have the exclusive and continuing right of access...and may remove and take any part or all the contents...

¶14 Lynne thus had the right, as a joint lessee, to access the contents and have full control of them, including the right to remove the contents. Access and ability to legally remove property is not synonymous with ownership of the property. While there are similarities between the two, ownership of property is a more significant right than mere possession. The signed bank contract is therefore distinguishable from a joint tenancy with right of survivorship for possession of the contents of the safe deposit box.

¶15 Additionally, Lynne contends the trial court erred in not following the precedent set forth in Alexander v. Alexander which states that where a joint tenancy exists, ownership of the property need not be supported by an inter vivos gift. Alexander v. Alexander, 1975 OK 101, ¶8, 538 P.2d 200, 202. This argument carries no force as there is not a valid joint tenancy with right of survivorship in place. For that reason we cannot say, as Lynne contends, that the trial court erred in finding that the savings bonds were not joint tenancy property by reason of the express agreement of the parties. Moreover, given the current context, the trial court did not misapply Alexander or Cluck. We therefore affirm the trial court's findings on these issues.

¶16 Even if we were to agree that Lynne has presented a question of fact concerning Florita's intent to make a gift or create a joint tenancy, the summary judgment must nevertheless be affirmed because United States savings bonds may not be transferred by either of those methods.

III.

United States Savings Bonds

¶17 Title 31 U.S.C. § 3105(c)(3) creates a Congressional grant allocating the United States Treasury the right to regulate certain aspects associated with savings bonds. More specifically, Title 31 of the Code of Federal Regulations explicitly controls all matters relating to United States savings bonds. Title 31 C.F.R. § 315.70(b)(2) states that if both co-owners of a savings bond are deceased, the bond passes to the estate. Further, "savings bonds are not transferable and are payable only to the owners named on the bonds..." 31 C.F.R. § 315.15. Additionally, for a successful transfer of saving bonds to occur, the bonds must be reissued into the transferee's name thereby divesting the original owner of any interest in the bonds. United States v. Chandler, 410 U.S. 257, 258, 93 S. Ct. 880, 881, 35 L.Ed.2d 247 (1973).

¶18 From the relevant statutes and case law, it is clear that even if there had been a valid gift or joint tenancy agreement, without reissuing the bonds into Lynne's name, her claims would fail. Moreover, even once the bonds are returned to the estate, Lynne cannot have claim to them. As set forth by the Chandler court, "where [a] bond owner made physical delivery of bonds inter vivos but failed to reissue the bonds, she failed to divest herself of interest in the bonds. Thus upon her death they become part of her estate." Id. Regardless of Lynne's theory of recovery, her claim to the bonds cannot prevail under the controlling federal law.

CONCLUSION

¶19 For the foregoing reasons, the trial court's summary judgment in favor of the Plaintiff, Kristine Kenworthy Ridder, is AFFIRMED.

BUETTNER, J., and BELL, J., concur.

FOOTNOTES

[1] Lynne attempted to invoke the jurisdiction of a federal court by filing a notice of removal. The Eastern District concluded the probate issue was not subject to removal and Lynne was not entitled to summary judgment because she failed to submit sufficient evidence of the elements of inter vivos gift or an intent to create a joint tenancy. Kenworthy-Riddle v. Roberts, No. CIV-14-054-RAW, 2014.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1993 OK CIV APP 183, 866 P.2d 451, 65 OBJ 144, Estate of Hoyle, Matter of
Discussed
 2007 OK CIV APP 3, 152 P.3d 279, CLUCK v. FORD
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 43, 792 P.2d 50, 61 OBJ 1134, Hargrave v. Canadian Valley Elec. Co-op., Inc.
Discussed
 1953 OK 392, 258 P.2d 899, FLESHER v. FLESHER
Discussed
 1965 OK 169, 408 P.2d 339, BEATTY v. DIXON
Discussed
 1934 OK 535, 36 P.2d 898, 169 Okla. 290, HARMON v. KERNS
Discussed
 2008 OK 45, 191 P.3d 1207, SCOTT v. ARCHON GROUP, L.P.
Discussed
 2011 OK 26, 256 P.3d 45, IN THE MATTER OF THE ESTATE OF METZ
Discussed
 1975 OK 101, 538 P.2d 200, ALEXANDER v. ALEXANDER
Discussed
 1999 OK 59, 983 P.2d 438, 70 OBJ 1960, In the Matter of the Estate of Estes
Discussed
 1983 OK 120, 674 P.2d 26, Estate of Stinchcomb, Matter of
Discussed
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 292, Embezzlement or Alienation of Property of Decedent Before Issue of Letters - Civil Liability
Cited
Title 60. Property
 Cite
Name
Level

 60 O.S. 74, Joint Interest - Joint Tenancy - Tenancy by Entirety
Cited